THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Michael L. Schneider, Appellant,
 
 
 

v.

 
 
 
 Teresa L. Cook Valentine f/k/a Teresa L. Cook-Schneider, Respondent.
 
 
 

Appeal from Orangeburg County
 Anne Gué Jones, Family Court Judge

Unpublished Opinion No. 2005-UP-379
Submitted June 1, 2005  Filed June 13, 2005

AFFIRMED

 
 
 
 Bates N. Felder and John G. Felder, both of St. Matthews, for Appellant.
 James B. Jackson, Jr., of Orangeburg, for Respondent.
 
 
 

PER CURIAM: In this appeal from the family court, we are presented with the following question: may the family court terminate a sum certain award of alimonypaid periodically with an established termination datebased on the payees remarriage where the parties agreement and underlying court order provide that [t]he alimony is non-modifiable?  We answer the question, no.  We affirm[1] pursuant to Rule 220(b)(2), SCACR, and the following authorities:  Degenhart v. Burriss, 360 S.C. 497, 500-02, 602 S.E.2d 96, 98 (Ct. App. 2004) (affirming the family courts finding that it did not have authority to modify the alimony obligation where the order, which incorporated the parties agreement, provided that its provisions could not be modified or changed except by mutual consent and agreement of the parties expressed in writing and noting the longstanding rule that parties could agree to make alimony nonmodifiable); and South Carolina Code section 20-3-130(G) (Supp. 2004) (providing that [t]he parties may agree in writing if properly approved by the court to make the payment of alimony set forth in items (1) through (6) of subsection (B) nonmodifiable and not subject to subsequent modification by the court).
AFFIRMED.
GOOLSBY, HUFF and KITTREDGE, JJ., concur.

1 We decide this case without oral argument pursuant to Rules 215 and 220(b)(2), SCACR.